UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| DANNY S. SHELLEY, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 10-198-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| JOSEPH MEKO, Warden, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court upon the pro se Petition for Writ of Habeas Corpus [R. 1] pursuant to 28 U.S.C. § 2254 filed by Danny S. Shelley. Consistent with local practice, this matter was referred to Magistrate Judge Edward B. Atkins for initial screening and preparation of a report and recommendation. Judge Atkins filed his Recommended Disposition [R. 14] on August 16, 2011. Therein, he recommends that Shelley's petition be denied with prejudice because Shelley failed to file his action within the statute of limitations outlined in the Antiterrorism and Effective Death Penalty Act of 1996, and he was unsuccessful in satisfying the requirements for tolling pursuant to 28 U.S.C. § 2244(d)(1)(B) or equitable tolling provided for by case precedent. [*Id*.]

Shelley filed four timely objections to the Recommended Disposition. [R. 15.] Therein, Shelley objected to the Magistrate Judge's finding for when the one-year statute of limitations provided by § 2244(d)(1) began to run. Shelley also objected to the finding that he is ineligible for equitable tolling. Additionally, Shelley objected to the Magistrate Judge's recommendation that an evidentiary hearing regarding Shelley's competence was unnecessary. Finally, Shelley objected to the Magistrate Judge's decision to refrain from staying these proceedings while post-

conviction proceedings moved forward in state court. Those objections trigger this Court's obligation to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(c). The Court has satisfied that duty, reviewing the entire record, including the pleadings, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules. For the following reasons, Shelley's objections will be overruled and his motions denied.

**I.**

Judge Atkins's Recommended Disposition accurately sets out the factual and procedural background of the case and the applicable standard of review for granting habeas relief pursuant to § 2254(d). Only one insignificant correction should be noted: Shelley filed his motion to stay proceedings on August 4, 2011 instead of August 5, 2011, as cited in the Recommended Disposition. Except for what the Court supplements in its discussion below, the Court has nothing to add and therefore incorporates Judge Atkins's discussion of the record and the standard of review into this order.

**II.**

Before turning to the substance of Shelley's objections, the Court acknowledges its duty to review Shelley's pleadings under a standard that is more lenient than the one applied to attorneys since he is proceeding pro se. The law is clear in this circuit that "however inartfully pleaded" allegations in a pro se complaint are entitled to a "liberal construction" that requires "active interpretation in some case to construe a pro se petition to encompass any allegation stating federal relief." *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cr. 1985). The Court notes that the arguments in Shelley's habeas petition, as well as his subsequent motions, pleadings, and objections are clearly presented.

**A.**

Turning now to Shelley's substantive objections, Shelley essentially objected to the Magistrate's finding that the one-year statute of limitations provided by § 2244(d)(1)(A) applied to his case. Section 2244(d)(1)(A) stipulates that the one-year statute of limitations provided in § 2244(d)(1) began running, in this case, thirty days after judgment was rendered against Shelley in state court. *See* 28 U.S.C. § 2244(d)(1)(A) (2006); Ky. R. Crim. P. 12.04(3). As explained thoroughly in the Magistrate Judge's Recommended Disposition, the one-year statute of limitations began running on April 4, 2003, and the limitations period ended on April 4, 2004. Neither post-conviction relief nor collateral review was sought during that period, thus, the tolling provision in § 2244(d)(2) was not implicated.

Shelley proposed a different starting point for the period of limitations premised on his contention that he lacked the mental capacity to assert his claim and legal aides at the Green River Correctional Complex refused to provide him legal assistance. Shelley cites § 2244(d)(1)(B) as the statutory provision under which this case falls, meaning he is fundamentally arguing that his incapacity and the unhelpful legal aides amounted to a state-created impediment to pursuing his habeas action in violation of the Constitution or laws of the United States. Consequently, the one-year statute of limitations would not start to run until that impediment was removed. Under that factual scheme, the limitations period began on August 2, 2005, when Shelley was transferred to Little Sandy Correctional Complex.

After reviewing de novo the entire record, including the pleadings, the parties' arguments, relevant case law and statutory authority, the Court notes that it is in agreement with Judge Atkins's analysis of Shelley's claims under § 2244(d)(1)(A) and § 2244(d)(1)(B). Because Shelley did not object to the Magistrate Judge's findings regarding § 2244(d)(1)(A), those findings will be adopted as part of the Court's opinion and represent one ground for denying

Shelley's claim.

Judge Atkins's analysis of Shelley's impediment claim under § 2244(d)(1)(B) is thorough and comprehensive, and the Court is in agreement with the Magistrate's conclusion. The Court will adopt the Magistrate's recommendation and reasoning on this claim as another ground for ruling against Shelley. In other words, the Court agrees that Shelley did not face a sufficient impediment to come under § 2244(d)(1)(B). The Court's primary reason for finding against Shelley, however, is that he failed to file his claim within the statute of limitations, even if the one-year period begins on August 2, 2005—the date the alleged obstacle consisting of unhelpful legal aides was removed.

Proceeding under the assumption that § 2244(d)(1)(B) is the appropriate statutory paradigm, the statute of limitations started running on August 2, 2005. Shelley filed a motion to vacate judgment and sentence in Pulaski Circuit Court on February 14, 2006.[1] Accordingly, the time between August 2 and February 13—196 days—is deducted from the 365 days that Shelley was allotted to file his action. On August 21, 2007, the Supreme Court of Kentucky denied Shelley's request to review the decision of the Kentucky Court of Appeals. On August 22, 2007, then, the remaining 169 days in the limitations period began to dissipate. The one-year statute of limitations, including applicable tolling, expired on February 7, 2008. Shelley filed a second post-

---

[1] In Meko's Response to Motion for Evidentiary Hearing, [R. 12 at 3] Meko cites a series of dates on which Shelley filed particular actions and the time period during which those actions remained pending. Unless those dates were contradicted by information in Shelley's petition and attachments or another pleading or motion, they were presumed to be correct. The only date that was contradicted was the date of Shelley's initial post-conviction filing. Meko lists that date as February 26, 2006. [*Id.*] Attachment 1 to Shelley's Petition for the Writ of Habeas Corpus, meanwhile, includes a copy of Shelley's Motion to Vacate Judgment that was filed in Pulaski Circuit Court on February 14, 2006. [R. 1, Attach. 1 at 77.] February 14 was utilized for the Court's calculations. The Court scoured Shelley's filings to verify other dates but was unable to uncover any other errors. Because Shelley did not object nor present contradictory evidence refuting the dates in Meko's response, those dates are admitted as true.

4

conviction motion in state court on October 22, 2008—258 days tardy. The second state proceeding ended on March 26, 2010. But the pending action was not filed until July 15, 2010—an additional 110 days. Hence, even accepting Shelley's impediment argument, his claim was not filed in a timely enough manner to satisfy the statute of limitations prescribed in 28 U.S.C. § 2244(d)(1) and must be denied.

**B.**

Shelley also objected to the Magistrate Judge's Recommended Disposition that Shelley was ineligible for equitable tolling. Shelley put forth at least seven different reasons that equitable tolling should be available to him: (1) a psychologist examined Shelley and wrote that, at the time of Shelley's crime and plea bargain, he "was suffering from significant substance withdrawal symptoms, producing mental confusion, delirium, and depression"; (2) "petitioner was trying to acclimate himself to prison life"; (3) Shelley was "suffering from withdrawal symptoms of past drug addiction"; (4) Shelley "was facing an extreme [sic] hostile prison population"; (5) "petitioner had no knowledge or experience with complicated legal matters"; (6) Shelley was distracted because his attorneys kept him busy testifying in co-defendants' trials and giving interviews to media outlets; and, (7) Shelley confronted hostile inmate legal aides at Green River Correctional Complex. [R. 15 at 5-7.]

Judge Atkins's recommendation extensively addresses the case law supporting equitable tolling and Shelley's justifications for its application to his case. The Court is in agreement with the Magistrate Judge that equitable tolling should not be applied to Shelley's case, and there is little that this Court could add to Judge Atkins's report. Nevertheless, the Court will briefly expound on two points. First, Shelley's claim of incompetence and the evidence supporting that claim is time-sensitive. That is, Dr. Schilling's report is focused on Shelley's competence at the

time of the commission of the crime and when Shelley agreed to the plea bargain. To obtain equitable tolling, meanwhile, Shelley must make a showing that incompetence prevented him from pursuing his claim. *See McSwain v. Davis*, 287 Fed. App'x 450, 456 (6th Cir. 2008). Such a showing has not been made, and consequently, equitable tolling is unavailable to Shelley.

Second, many of Shelley's remaining objections are focused on his time at Green River Correctional Complex. Assuming the reasons put forth by Shelley would justify tolling the time spent at Green River, those justifications lapsed once Shelley was confined at Little Sandy Correctional Complex. Shelley acknowledges that once he arrived at Little Sandy he obtained assistance in navigating the legal system [R. 1 at 27]; yet, a habeas petition was not submitted to federal court for more than two years (after time is subtracted for pending state claims). This behavior, in light of the factors that are to be considered for equitable tolling, weighs heavily against the factors that would justify granting Shelley's request. *See Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001).

For the reasons cited in Judge Atkins's Recommended Disposition and those outlined above, the Court will reject Shelley's claim for equitable tolling.

### C.

Next, the Court considers Shelley's objection to the Magistrate Judge's recommendation that an evidentiary hearing is unwarranted. As Shelley notes in his objection, evidentiary hearings are useful when factual allegations are in dispute. Here, there are no meaningful factual disputes. Even when Shelley's claims are examined in a light most favorable to him, clearly established facts refute Shelley's arguments. Shelley's motion for an evidentiary hearing is therefore denied.

### D.

Shelley's final objection is to the Magistrate Judge's recommendation denying Shelley's motion to stay proceedings. Shelley explained in his objection that the hearing he may receive in state court relates to his competence at the time of the crime and plea bargain. The preceding rulings were unrelated to Shelley's competence at those times, and thus, the state court ruling would not influence the Court's dispositions expressed above. Hence, the Court is in agreement with the Magistrate Judge that Shelley's motion should be denied.

### III.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Petitioner's Objections to the Magistrate's Report and Recommendation [R. 15] are **OVERRULED**;

2. The Magistrate Judge's Recommended Disposition [R. 14] is **ADOPTED** as and for the opinion of this Court;

3. The Respondent's Motion to Dismiss [R. 7] is **GRANTED;**

4. The Respondent's Motion for Extension of Time is **DENIED** as moot;

5. The Petitioner's Motion for an Evidentiary Hearing [R. 11] is **DENIED**;

6. The Petitioner's Motion to Stay Proceedings [R. 12] is **DENIED**;

7. The Petitioner's Petition [R. 1] is **DISMISSED WITH PREJUDICE**;

8. **JUDGMENT** in favor of the Defendant will be entered contemporaneously herewith.

This the 30th day of September, 2011.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge